# EXHIBIT A

CERVANTES & CHAMBERS, PC
GARRETT R. CHAMBERS
ATTORNEY BAR NO. 11242
1201 Puerta Del Sol, #330
San Clemente, California 92673
Tel: (877) 946-2282/ Fax: (408)689-7366
GRC@CCTrialLaw.com

*ATTORNEYS FOR PLAINTIFF*

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-24-0001123**
**12-AUG-2024**
**11:40 AM**
**Dkt. 1 CMPS**

**IN THE CIRCUIT COURT OF THE FIRST CIRCUIT**

**STATE OF HAWAII**

| | |
|---|---|
| LISA SPITZER, MARK ELEY,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON WORLDWIDE HOLDINGS, INC., a Virginia corporation; HILTON HAWAIIAN VILLAGE LLC, a Hawaii limited liability company; HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT; Hawaii business entity of unknown form; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.:<br>(Other Non-Vehicle Tort)<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS** |

Plaintiffs, LISA SPITZER and MARK ELEY, file this complaint for causes of action against Defendants, HILTON WORLDWIDE HOLDINGS, INC.; HILTON HAWAIIAN VILLAGE LLC; HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT; and DOES 1-100, inclusive, alleges:

PARTIES

1. At all relevant times, Plaintiff, LISA SPITZER, ("SPITZER" or "PLAINTIFF"), an individual, is a resident of the County of Orange, State of California. On or about September 11, 2022, PLAINTIFF was a guest of Hilton Hawaiian Village Waikiki Beach Resort, located at or

near 2005 Kalia Road, in the City of Honolulu, County of O'ahu, State of Hawaii, (the "SUBJECT PROPERTY"), when an unsafe condition in the common area on the SUBJECT PROPERTY harmed and injured PLAINTIFF.

2. At all relevant times, Plaintiff, MARK ELEY, ("ELEY" or "PLAINTIFF"), an individual, is a resident of the County of Orange, State of California.

3. At all relevant times, Plaintiffs, LISA SPITZER and MARK ELEY, were legally married and were husband and wife.

4. Upon information and belief, that at all times herein mentioned, HILTON WORLDWIDE HOLDINGS, INC., is and was a business entity, organized and existing under and by virtue of the laws of the State of Virginia and was authorized to do business and doing business in the County of O'ahu, State of Hawaii, and was engaged in the business of operating, owning, managing, and/or maintaining the SUBJECT PROPERTY.

5. Upon information and belief, that at all times herein mentioned, HILTON HAWAIIAN VILLAGE LLC, is and was a business entity, organized and existing under and by virtue of the laws of the State of Hawaii and was authorized to do business and doing business in the County of O'ahu, State of Hawaii, and was engaged in the business of operating, owning, managing, and/or maintaining the SUBJECT PROPERTY.

6. Upon information and belief, that at all times herein mentioned, HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT, is and was a business entity, organized and existing under and by virtue of the laws of the State of Hawaii and was authorized to do business and doing business in the County of O'ahu, State of Hawaii, and was engaged in the business of operating, owning, managing, and/or maintaining the SUBJECT PROPERTY.

7. Upon information and belief, that at all times herein mentioned, Defendants, HILTON WORLDWIDE HOLDINGS, INC.; HILTON HAWAIIAN VILLAGE LLC; HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT; and DOES 1-100, inclusive, (collectively, "DEFENDANTS"), and each of them, were and now are individuals, businesses or government entities, forms unknown, organized and existing under and pursuant to the laws of the State of Hawaii, and were authorized to do, and were doing, business in the County of Kauai, State of Hawaii who owned, controlled, managed, operated, supervised, inspected, designed, repaired,

modified, altered, constructed, or maintained the common areas, pedestrian areas and walking surfaces therein at Hilton Hawaiian Village Waikiki Beach Resort, located at or near 2005 Kalia Road, in the City of Honolulu, County of O'ahu, State of Hawaii,

8. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1 through 100, inclusive, are at this time unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff diligently and in good faith has attempted to ascertain the names and identities of other possible defendants whose identities are presently unknown to plaintiff. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein by a fictitious name is in some way negligent or otherwise responsible for the events and happenings herein referred to which proximately resulted in injury and damage to plaintiff as herein alleged and when the true names and capacities of said fictitiously named defendants have been ascertained, plaintiff will amend this complaint to show same.

9. That at all times herein mentioned, defendants, DOES 1 through 50, were and now are corporations, partnerships, governmental agencies or other business entities, forms unknown, organized and existing under and pursuant to the laws of the State of Hawaii, and were authorized to do, and were doing, business in the County of O'ahu, State of Hawaii.

10. Plaintiffs are informed and believes and upon such information and belief alleges that at all times herein mentioned defendants, and each of them, were acting as the agent, servant, partner, joint adventurer and/or employee of each of the other defendants, and were acting within the course and scope of their agency, partnership, joint venture and/or employment and with full knowledge and consent of each of the other defendants.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this matter pursuant to Hawaii Rev. Stat. § 480-21 and 603-21.5.

12. Venue is proper because the place of injury and loss occurred at Hilton Hawaiian Village Waikiki Beach Resort, located at or near 2005 Kalia Road, Honolulu, Hawaii 96815, within the County of O'ahu, pursuant to Hawaii Rev. Stat. § 603-36.

\\\



CERVANTES & CHAMBERS
TRIAL ATTORNEYS

**<u>FIRST CAUSE OF ACTION</u>**

**<u>Negligence - Premises Liability</u>**

**(By Plaintiffs Against All Defendants, and DOES 1 through 100, Inclusive)**

13. Plaintiffs refers to paragraphs 1 through 12 inclusive, of this complaint and this reference incorporates them herein as if fully set forth at length.

14. Defendants, HILTON WORLDWIDE HOLDINGS, INC.; HILTON HAWAIIAN VILLAGE LLC; HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT; and DOES 1-100, inclusive, and each of them, as operators of a hotel and public accommodations, had a duty to the persons using their premises to take reasonable steps to eliminate an unreasonable risk of harm, or adequately to warn the users against it. <u>Corbett v. Ass'n of Apartment Owners</u>, (1989) 70 Haw. 415, 417, 772 P.2d 693,695.

15. On or about September 11, 2022, and for sometime prior thereto, defendants HILTON WORLDWIDE HOLDINGS, INC.; HILTON HAWAIIAN VILLAGE LLC; HILTON HAWAIIAN VILLAGE WAIKIKI BEACH RESORT; and DOES 1-100, inclusive, and each of them, owned, possessed, controlled, managed, operated, supervised, maintained, inspected, designed, constructed, repaired, modified and altered the common areas, pedestrian areas and the walking surfaces therein, at Hilton Hawaiian Village Waikiki Beach Resort, located at or near 2005 Kalia Road, in the City of Honolulu, County of O'ahu, State of Hawaii.

16. On or about September 11, 2022, and prior thereto, the above-described property was in a dangerous condition that created a substantial risk of the type(s) of injuries hereinafter alleged when the property was used with due care in a manner that was reasonably foreseeable in that, by virtue its maintenance, construction, and repair, the property created a substantial risk that persons utilizing the property would be injured when coming into contact with a portion of said surfaces and property that was in a unsafe and/or dangerous condition.

17. On or about September 11, 2022, the defendants, and each of them, negligently, carelessly, recklessly, and unlawfully owned, operated, controlled and maintained said premises in a dangerous and defective condition in that among other things: controlled, designed, constructed, established, maintained and failed to maintain the pedestrian surface in such a manner so as to create a dangerous condition consisting of, but not limited to, an uneven surface, crack,

depression, and/or hole near manhole cover, which was jagged, filled with debris, and concealed by lack of contrast, and had a height variance that created a tripping hazard for guests and/or pedestrians, such as Plaintiff, LISA SPITZER.

18. Defendants, and each of them, had actual knowledge of the existence of the dangerous condition and knew or should have known about its dangerous character at a sufficient time prior to September 11, 2022, and in particular the time of the incident, to have taken measures to protect against the dangerous conditions. Defendants, and each of them, had the authority and it was their responsibility to take adequate measures to protect plaintiff against the dangerous condition at the expense of defendants and the funds or other means were immediately available to them.

19. Defendants, and each of them, failed to eliminate, remedy, or warn its guests and/or pedestrians about the unsafe and/or dangerous condition.

20. At the aforementioned date, time and place, plaintiff, LISA SPITZER, was lawfully on the premises as a guest and was in the designated smoking area, when the dangerous condition caught her foot causing her to trip, and as a proximate result of such unsafe and/or dangerous condition, plaintiff was caused to fall to the ground, causing injuries and damages to plaintiff.

21. Defendants, and each of them, breached their duty when they negligently owned, operated, leased, drove, entrusted, managed, maintained, controlled, serviced, repaired and/or inspected the SUBJECT PROPERTY.

22. That as a direct and proximate result of aforementioned negligence, carelessness, recklessness, and unlawfulness of defendants, and each of them, and the events resulting therefrom, plaintiff, LISA SPITZER, suffered severe bodily injury all of which caused plaintiff pain, discomfort, disability and disfigurement, and plaintiff is informed and believes and thereon alleges that plaintiff will in the future suffer further pain, discomfort, disability and disfigurement all to plaintiff's general damage in a sum within the jurisdiction of this Court and according to proof at the time of trial of this action.

23. That as a direct and proximate result of aforementioned negligence, carelessness, recklessness, and unlawfulness of defendants, and each of them, and the events resulting therefrom, plaintiff, LISA SPITZER, sustained severe emotional disturbance, shock, and injury to

plaintiff's nervous system and person, all of which has caused, continues to cause, and will in the future cause plaintiff severe emotional distress, humiliation, mental anguish, and embarrassment, all to plaintiff's general damage in a sum within the jurisdiction of this Court and according to proof at the time of trial of this action.

24. That as a direct and proximate result of aforementioned negligence, carelessness, recklessness, and unlawfulness of defendants, and each of them, and the events resulting therefrom, plaintiff, LISA SPITZER, has required and is informed and believes that plaintiff will in the future require the services of physicians, hospitals, and other medical or medically-related personnel and equipment including, but not limited to, medications, x-rays, and other medical expenses; that the exact and reasonable amount of said liabilities incurred and to be incurred is unknown to plaintiff at this time and plaintiff will ask leave to prove the reasonable value at the time of trial of this action.

25. That prior to the date of injuries to plaintiff, LISA SPITZER, plaintiff was an able-bodied person capable of carrying on a usual occupation; that as a direct and proximate result of the injuries to plaintiff, plaintiff has been unable to carry on such usual occupation, and as a result thereof has suffered damages by reason of loss of income and is informed and believes that plaintiff will, in the future, be incapable of carrying on such usual occupation and will thereby suffer further loss of income in an amount which is not ascertained as of this time and plaintiff will move to prove the reasonable value thereof at the time of trial of this action.

26. By reason of the said injuries suffered and sustained by plaintiff’s wife, Plaintiff, MARK ELEY, has been deprived of love, companionship, affection, society, sexual relations, and solace of his said wife, all to Plaintiff’s further damage.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages according to proof at trial;
2. For special damages according to proof at trial;
3. For loss of consortium damages, according to proof at trial;
4. For Interest as allowed by law;

5. For costs and reasonable attorneys' fees as allowed by law; and
6. For such other and further relief as the court deems just and proper.

DATE: August 12, 2024

CERVANTES & CHAMBERS, PC

By:______________________
GARRETT R. CHAMBERS
Attorneys for Plaintiff

CERVANTES & CHAMBERS
TRIAL ATTORNEYS

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury for all causes of action, claims of issues in this action which are triable as a matter of right to a jury.

DATE: August 12, 2024

CERVANTES & CHAMBERS, PC

By:_____________________________
GARRETT R. CHAMBERS
Attorneys for Plaintiff